CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 DEC 13 PM 2:21
DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TOMMIE JOE DENSON, PRO SE, <br> also known as TOMMIE J. DENSON, <br> also known as TOMMIE JOE COLLINS, <br> TDCJ-CID No. 687907, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN SCHWAB, CO III; <br> ZACHARY ANDIS, CO II; <br> JAMIE BAKER, Asst. Warden; <br> JOHN ADAMS, Head Warden; and <br> CHERYL LAWSON, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | 2:11-CV-0077 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff TOMMIE JOE DENSON, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

Plaintiff claims that, after his placement in prehearing detention on December 7, 2010, his property was returned to him, missing "two set of transcripts & post-convictions & indictments," and a hot-pot. Plaintiff attaches a copy of his December 7, 2010 inventory as Exhibit A to his complaint and points out that, among his other property, it shows he had 2 transcripts and a hot-pot.

Plaintiff states he is suing defendant SCHWAB because she signed his December 7, 2010 inventory as a witness to the inventory and he sues defendant ANDIS because he signed the

inventory as the inventorying officer. Plaintiff also sues defendant BAKER for failing to respond to his written complaint. He sues defendant ADAMS, the Head Warden, because ADAMS signed the Step 1 grievance response denying plaintiff's grievance. Lastly, plaintiff sues defendant LAWSON because she signed by Step 2 grievance response denying plaintiff's grievance at Step 2.

Plaintiff requests the defendants be ordered to purchase replacement transcripts, replace his hot-pot, and pay his court costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff does not accuse any defendant of taking his property; instead, he appears to be suing SCHWAB and ANDIS because they are the last people he knows had possession of it, during the inventory. Nevertheless, plaintiff does not allege any fact which would support a claim of any sort against these defendants except one of negligence, if even that.

As to a random, unauthorized deprivation, Texas provides an adequate post-deprivation remedy by way of a civil action in tort for conversion. *Murphy v. Collins,* 26 F.3d 541, 543-44 (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir.1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). As to negligence, such an allegation does not state a cause of action under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required. *Id.*

Thus, plaintiff's allegations fail to state a claim of constitutional dimension. Plaintiff's claims, as asserted in federal court against defendants SCHWAB and ANDIS, fail to state a claim on which relief can be granted.

To the extent plaintiff is suing defendants BAKER, ADAMS, and LAWSON for failing to adequately investigate and satisfactorily resolve his complaints or grievances, the narrowing of

prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Plaintiff's claims against defendants BAKER, ADAMS, and LAWSON lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff TOMMIE JOE DENSON is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the

General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the ____13th____ day of December, 2011.

MARY LOU ROBINSON
United States District Judge